NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE RODRIGUEZ REA,<br><br>        Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.   17-70229<br><br>Agency No. A091-719-640<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Jorge Rodriguez Rea, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013). We deny the petition for review.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The agency did not err in concluding that California Health and Safety Code ("CHSC") § 11377(a) is divisible and in applying the modified categorical approach to determine that Rodriguez Rea's conviction is an offense relating to a controlled substance that makes him ineligible for voluntary departure. *See* 8 U.S.C. §§ 1229c(b)(1)(B), 1101(f)(3), 1182(a)(2)(A)(i)(II); *Coronado v. Holder*, 759 F.3d 977, 984-85 (9th Cir. 2014) (holding that CHSC § 11377(a) is divisible and subject to the modified categorical approach); *United States v. Martinez-Lopez*, 864 F.3d 1034, 1040-41 (9th Cir. 2017) (en banc) (holding that a similar California controlled substance statute is divisible with respect to the listed substances). Rodriguez Rea asks us to reconsider *Martinez-Lopez*, but we are bound by that decision given the absence of any "intervening higher authority" that is "clearly irreconcilable" with it. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

We deny Rodriguez Rea's request to remand in light of *United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1154 (9th Cir. 2020).

On May 17, 2017, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**